IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UMG RECORDINGS, INC., a Delaware
corporation; BMG MUSIC, a New York general
partnership; VIRGIN RECORDS AMERICA,
INC., a California corporation; and SONY BMG
MUSIC ENTERTAINMENT, a Delaware general
partnership,

        Plaintiffs,

vs.                                                No. CIV 08-0489 JB/RLP

SHAWN MONTOYA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Substituted Service of Process, filed December 16, 2008 (Doc. 6)("Motion"). The Court held a hearing on January 29, 2009. The primary issue is whether the Court should approve of a substituted service of process before the Plaintiffs attempt to effectuate service. Because the Court concludes that the Court should not approve of the service before it occurs, but should wait to see if service in this case is ever challenged, the Court will deny the motion without prejudice to the Plaintiffs using the service that they propose.

## PROCEDURAL BACKGROUND

On May 20, 2008, the Plaintiffs filed the Complaint in this action and had the Clerk issue a summons directed to Defendant Shawn Montoya at 2910 Suncrest Arc, Las Cruces, New Mexico 88011. According to the Plaintiffs, investigative records indicate that Montoya reports 2910 Suncrest Arc, Las Cruces, New Mexico 88011 as his current residence. See Motion ¶ 2, at 1. Tax

Assessor records, United States Postal records, and Social Security records all report this address for Montoya.  See id.

On various days and at various times in June, July, August, September, and December 2008, the process server made numerous attempts at service.  See id. ¶ 1, at 1; Exhibit A to Motion, Affidavits of Service (Doc. 6-2).  On June 18, 2008, at 4:00 p.m., the process server received the documents.  He made the following attempts in June and July: (i) June 23, 2008 at 10:35 a.m., but no contact at residence; (ii) June 23, 2008 at 10:40 a.m., called 635-3377 and left message; and (iii) July 1, 2008, 8:30 a.m., called 635-3377, but still no answer.  See Affidavit of Non Service (executed July 9, 2008)(Doc. 6-2).  The process server also had direct telephone contact with Montoya.  On July 6, 2008, at 10:00 a.m., the process server received a call from Montoya, who stated that he did not live at 2910 Suncrest Arc; that he was currently working for the government out of town; and that he would return in late August 2008, but not to Suncrest Arc.  See id.  The process server suggested that he serve Montoya at his new address, but Montoya hung up and did not answer the telephone again.  See id.

The process server continued to diligently search the area described around 2910 Suncrest Arc.  He attempted telephone contacts to 505-635-3377: (i) on August 19, 2008 at 5:40 p.m. and left messages; (ii) on August 20, 2008 at 9:30 p.m. and left a message; and (iii) on August 23, 2008 at 12:30 p.m., but the telephone was disconnected.  See Affidavit of Service at 1 (executed September 12, 2008)(Doc. 6-2).  The process server also attempted contacts at the residence: (i) August 19, 2008, at 5:40 p.m., no contact, but left card; (ii) August 20, 2008, at 9:30 a.m., no contact, but left card; (iii) August 21, 2008, at 8:30 a.m., no contact; (iv) August 22, 2008, 8:40 p.m., no contact; (v) August 23, 2008, at 12:30 p.m., no contact, but left card; (vi) August 24, 2008, at 7:50 a.m., no contact; (vii) August 24, 2008, at 9:10 p.m., no contact; (viii) August 29, 2008, at 9:00 a.m., no

contact; (ix) August 30, 2008, at 10:30 a.m., no contact; and (x) September 2, 2008, at 10:30 a.m., no contact, but someone appeared to be house sitting. See id. at 1. He unsuccessfully attempted contact again on September 10, 2008, at 5:20 p.m. See id. at 2. On August 12, 2008, at 2:25 p.m., he called 575-571-9461, which is Alva Butler's number, resulting in a blocked call. See id. There was a recorded message which answered: "This is Shawn -- Leave message." Id. The process server did not leave a message. See id.

The process server also noted his observations on each of his attempts to serve process at Montoya's residence:

> The kitchen area is clearly visible from exterior front door area. Same drinking glasses on counter. Same black skillet in sink. -- Broom or mop handle leaning on counter has not moved. -- Once, laundry room door was open -- Black appliances -- Now door always closes. Bottles of Lysol and Pinesol still on counter. -- Outside -- trash receptacle has spider webs between it and rock wall. Two weekly newspapers picked up.

Id. On December 10, 2008, at noon, the process server again unsuccessfully attempted contact, but noted that the residence was being occupied. See Affidavit of Service (executed December 11, 2008)(Doc. 6-2). He observed dishes, pots, and pans in the sink, and on the stove and counter, as well as chips on the counter. See id. He heard a dog barking inside. See id. He also confirmed that the home was in Montoya's name. See id.

The Plaintiffs and the process server believe that 2910 Suncrest Arc, Las Cruces, New Mexico, 88011 is a good address for Montoya and that Montoya is avoiding service. The Plaintiffs have not served Montoya with notice of this motion because he has not yet been served with process. The Plaintiffs ask the Court, pursuant to rule 4 of the Federal Rules of Civil Procedure, to approve substituted service of process by attaching a copy of the Summons and Complaint -- along with a copy of this Court's order -- to the door of Montoya's residence at 2910 Suncrest Arc, Las Cruces,

New Mexico 88011 if no person on whom the Plaintiffs may effect proper service answers the door at that residence. See id. at 2.

## RELEVANT LAW REGARDING SERVICE OF PROCESS

Rule 4 of the Federal Rules of Civil Procedure provides that service of process on an individual may be effected "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, service on a defendant may be effected by any method that New Mexico provides. The New Mexico Rules of Civil Procedure for the District Courts once provided:

> If the individual is absent, service may be made by delivering a copy of the process or other papers to be served to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years; and if there is no such person available or willing to accept delivery, then service may be made by posting such copies in the most public part of the defendant's premises, and by mailing to the defendant at defendant's last known mailing address copies of the process.

N.M.R.A., Rule 1.004F(1) (2005).[1]

## ANALYSIS

The process server's affidavits submitted with the Plaintiffs' motion and the investigative research the Plaintiffs reference support their conclusion that the address at 2910 Suncrest Arc, Las Cruces, New Mexico 88011 is Montoya's usual place of abode. It also may be true that leaving a copy of the Summons and Complaint in the most public part of Montoya's premises will satisfy rule 1-004F's requirements. The Court does not believe, however, that this motion, at this stage, is the appropriate vehicle or time to decide these issues.

---

[1] The Plaintiffs propose service of process under this rule. The language the Plaintiffs quote, however, comes from an earlier version of the New Mexico Rules of Civil Procedure for the District Courts. Rule 1-004 has since been revised to eliminate the "'post and mail' method," in favor of service at the place of employment. N.M.R.A. vol. I, Committee Comments: 2005 Amendments to Rule 1-004, at 13 (2008).

Normally, the courts decide whether service is proper on rule 12(b)(5) motions. See Fed. R. Civ. P. 12(b)(5)("insufficient service of process"). Judgments can also be collaterally attacked if the service and process violated due process. See, e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 320 (1950)(holding certain notice provisions incompatible with the level of notice and service of process due process requires); Marin v. Augedahl, 247 U.S. 142, 151 (1918)(noting general rule that judgment can be collaterally attacked for lack of personal jurisdiction). Courts do not, however, usually decide whether a defendant resides at a particular location or whether service complied with the law before the service is effected.

There are a number of sound reasons why the federal courts should not pre-approve service. First, the Court is making a decision without any benefit of the adversarial system. While the Court has no reason to doubt what the Plaintiffs say, it may be that there is a good reason why Montoya is not at 2910 Suncrest Arc. The Court believes that such a factual decision should be made with the benefit of both sides' input, not on basically an ex parte basis.

Second, the Court may never have to decide the issues that this motion presents. Defendants rarely dispute service. If the Plaintiffs use their chosen method of service, it may be that it will never be challenged. The federal courts try to avoid rendering advisory opinions, particularly when they may involve constitutional issues. See Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring)(noting that "[i]t is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case," and "[t]he Court will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation").

Third, the federal courts in this District, and in many others, are extremely busy. This pre-clearance approach that the Plaintiffs seek would burden the Court, perhaps unnecessarily. There

is no reason for the courts to undertake this additional task for some plaintiffs and not others.

Accordingly, the Court will not pre-authorize service of process on Montoya through the process server attaching a copy of the Summons and Complaint to Montoya's front door. The Court is not precluding the Plaintiffs' use of this form of service, but is merely not willing to bless it in advance. Now is not the time to decide whether such service is proper. If Montoya later challenges the Plaintiffs use of alternative service, they remain free to justify their decision at that time.

**IT IS ORDERED** that the Plaintiffs' Motion for Substituted Service of Process is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John Matney
Stacy R. Obenhaus
Daniel C. Scott
Geoffrey H. Bracken
Gardere Wynne Sewell LLP
Dallas, Texas

   *Attorneys for the Plaintiffs*